UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEREMY RAY JACKSON, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00116-JPH-DLP |
| | ) | |
| FEDERAL BUREAU OF PRISONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting in Part, Denying in Part Plaintiff's Motion for Court Assistance, and Directing Dismissal of Plaintiff Ajaj**

### I. Mr. Ajaj's Motion for Court Assistance

Plaintiff Ahmad Muhammad Ajaj's motion for court assistance, dkt. [12], is **granted in part, and denied in part.** It is granted to the extent that the **clerk is directed** to mail Mr. Ajaj a copy of the complaint, dkt. [1].

Mr. Ajaj's request that the Court issue an order directing the Bureau of Prisons to allow him and his co-plaintiff Jeremy Jackson to correspond is **denied**. Prohibition on correspondence between inmates at different institutions is related to valid penological goals, namely security. *Turner v. Safley*, 482 U.S. 78, 93 (1987). And the Court is reluctant to interfere with prison administration in the manner Mr. Ajaj requests. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (explaining that prison administration must be given "wide-ranging deference" in the operations of the prisons).

Mr. Ajaj's request for an extension of time to send a signed complaint and pay his filing fee is **denied** for the reason discussed below.

1

## II. Dismissal of Mr. Ajaj as a Plaintiff

Neither Mr. Ajaj nor Mr. Jackson have filed notices with the Court pursuant to its previous order, dkt. [8], advising the Court whether they want to continue with their joint litigation despite its inherent risks. However, in light of Mr. Ajaj's transfer to a different prison, the Court finds that multi-plaintiff litigation is not warranted because it would present significant burdens to both the parties and the Court. The reasons for this are that the plaintiffs may not represent each other. *See Georgakis v. Illinois State University,* 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."). Therefore, each plaintiff must personally sign any motion or notice filed on his behalf. In addition, because Mr. Ajaj is now in a different facility, Mr. Ajaj and Mr. Jackson have no opportunities to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court. District courts have the discretion to deny the permissive joinder of a party where joinder would "create prejudice, expense, or delay." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (internal citations omitted).

Accordingly, the Court directs the clerk to **dismiss** Mr. Ajaj as a plaintiff in this case. This obviates Mr. Ajaj's other request in his motion that the Court provide him additional time to pay the filing fee in this case. Mr. Ajaj may initiate his own action if he so chooses. Along with a copy of the complaint, dkt. [1], the clerk **is directed** to send Mr. Ajaj a blank complaint form.

**SO ORDERED.**
Date: 4/9/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEREMY RAY JACKSON
12372-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

MUHAMMAD AHMAD AJAJ
40637-053
ALLENWOOD - USP
ALLENWOOD U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
WHITE DEER, PA 17887