UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEREMY RAY JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00116-JPH-DLP |
| ) | |
| FEDERAL BUREAU OF PRISONS, et al. ) | |
| Defendants. ) | |

**Entry Screening Complaint and Directing Issuance of Process**

Plaintiff Jeremy Jackson is an inmate at the U.S. Penitentiary at Terre Haute (USP-TH). Because Mr. Jackson is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Jackson are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

1

## II. The Complaint

Mr. Jackson brings this action alleging violations of his constitutional rights pursuant to the Religious Freedom Restoration Act ("RFRA") and the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *King v. Federal Bureau of Prison*, 415 F.3d 634, 636 (7th Cir. 2005) (*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . ."). Mr. Jackson names seven defendants: (1) Federal Bureau of Prisons (BOP); (2) T.J. Watson, Complex Warden; (3) Michael Underwood, A.W. of Custody; (4) J.W. Cox, A.W. of Operations; (5) Rob Schalburg, Head of Legal Department; (6) Ishmael Oliver, Food Service Administrator; and (7) Amanda Adams, Head of the Recreation Department.

Mr. Jackson is an inmate at USP-TH and practices Islam. He alleges that the defendants have burdened his ability to exercise his religion in various ways in violation of RFRA. First, Mr. Oliver has attempted to dissuade Mr. Jackson from keeping a halal diet by consistently serving halal meals with too few calories to "starve" people off the diet, serving items that do not carry the halal stamp, and allowing non-Muslims to prepare and handle the food. Warden Watson, Mr. Underwood, Mr. Cox, and Mr. Schalburg have allowed these conditions to continue despite receiving emails about the halal menu.

Mr. Jackson alleges that Ms. Adams violated Mr. Jackson's First Amendment rights during Ramadan in 2018 by confiscating refreshments from him and calling him religious slurs. Mr. Jackson also alleges that Ms. Adams locked him in his cell because other inmates in the yard were listening to music and he advised her that listening to music during the fast was a sin.

Ms. Adams' actions prevented Mr. Jackson from being able to observe the fast of Ramadan without fear of repercussion.

Finally, Mr. Jackson alleges the BOP violated his rights by not correcting these issues when they became aware of them and not reprimanding staff to prevent the reoccurrence of these problems.

Mr. Jackson seeks damages and injunctive relief.

### III. Discussion of Claims

Mr. Jackson's RFRA claims against Defendants Watson, Underwood, Cox, Schalburg, Oliver, and the BOP **shall proceed** as submitted. *See O'Bryan v. Bureau of Prisons*, 349 F.3d 399, 401 (7th Cir. 2003) ("RFRA governs the activities of federal officers and agencies.").

With respect to Mr. Jackson's First Amendment claim, the Supreme Court has "never held that *Bivens* extends to First Amendment claims." *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). And "expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar v. Abassi*, 137 S. Ct. 1843, 1857 (2017) (internal quotations omitted). Still, it would be error to dismiss Mr. Jackson's First Amendment claim at the screening stage because the question of whether *Bivens* provides a vehicle to litigate First Amendment claims is unsettled in the Seventh Circuit. *Haas v. Noordeloos*, No. 19-3473, --- F. App'x. ---, 2020 WL 591565 at *1 (7th Cir. Feb. 6, 2020). Therefore, Mr. Jackson's First Amendment claim against Ms. Adams **shall proceed** as submitted.

If Mr. Jackson believes the complaint asserted claims that the Court did not address, he shall have **through July 1, 2020**, to notify the Court.

### IV. Issuance of Process

**Personal service is required** in serving defendants (1) Federal Bureau of Prisons; (2) T.J. Watson, Complex Warden; (3) Michael Underwood, A.W. of Custody; (4) J.W. Cox, A.W. of

Operations; (5) Rob Schalburg, Head of Legal Department; (6) Ishmael Oliver, Food Service Administrator; and (7) Amanda Adams, Head of the Recreation Department. The Marshal for this District or his designee shall serve the summons, together with copies of the complaint, dkt. [1], and this Entry, on the defendants pursuant to Fed. R. Civ. P. 4(i)(2)-(3), at the expense of the United States.

To serve the United States, the **clerk is directed** to issue a single summons to the United States attorney for this District and the U.S. Attorney General pursuant to Federal Rule of Civil Procedure 4(i)(1). The Marshal for this District is directed to **serve** the summons, the complaint, dkt. [1], and a copy of this Entry by registered or certified mail at the expense of the United States.

**SO ORDERED.**

Date: 6/9/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEREMY RAY JACKSON
12372-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
Southern District of Indiana
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204